IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
MICHELE SHAKED,                                 :
individually and on behalf of a class,          :
                                                :
              Plaintiff,                        :
                                                :    7 : 08 CV 10295 CS GAY
     v.                                         :
                                                :    MOTION FOR PRELIMINARY
GENERAL ELECTRIC COMPANY,                       :    APPROVAL OF CLASS ACTION
and DOES 1-10,                                  :    SETTLEMENT AGREEMENT
              Defendant.                        :
-----------------------------------------------------------------x
```

Plaintiff, with the consent of defendant, respectfully requests that this Court preliminarily approve a proposed class action settlement agreement (the "Agreement") (attached as Appendix A), approve a proposed notice to class members in the form attached to the Agreement (the "Notice"), set a schedule for the final approval of the Agreement (including deadlines for class members to exclude themselves or object to the settlement), and take all other action that is proper in the circumstances.

In further support of her motion, plaintiff states as follows:

*Background*

1.  This case concerns alleged violations of the Fair Credit Reporting Act ("the FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). Plaintiff specifically claimed that General Electric Company ("GE") willfully violated 15 U.S.C. §1681c(g) by providing to plaintiff and class members credit or debit card receipts, which displayed the cards' expiration dates. Plaintiff sought statutory damages for herself and the class, under 15 U.S.C. §1681n. Defendant denies any violation of the FCRA or FACTA, and denies that any purported violation was willful. (See Docket Nos. 1 and 15 (complaint and

1

answer).)

2.     The parties previously entered into a settlement agreement on a class-wide basis. That agreement was not approved by the Court, for reasons stated at a fairness hearing held on July 9, 2010.

3.     Thereafter, the parties vigorously litigated the case, which included the pursuit of written and oral discovery from both sides.  At the same time, the parties further explored settlement possibilities.  The parties, and their counsel, have reviewed the issues raised by this lawsuit, the discovery that has been conducted, the risk involved in pursuing the litigation to judgment, the possibility of a judgment that provides a worse result than the proposed settlement, and the possibility of appellate review.  Based on this review, the parties have concluded that entering into the Agreement would be in the best interests of all involved.

4.     Plaintiff, and her counsel, specifically reviewed the Agreement with regard to relief provided to members of the proposed settlement class.  They have concluded that the relief provided to each class member, and to the class as a whole, is fair and adequate, and that the Notice comports with the requirements of Fed.R.Civ.P. 23(c)(2).

*Terms*

5.     For the purposes of settlement only, the parties stipulate to the certification of the class defined in the Agreement, under Fed.R.Civ.P. 23(a) and 23(b)(3).  The settlement class includes "all persons with addresses in New York State who received a credit card or debit card receipt from GE after June 3, 2008, which allegedly failed to comply with FACTA because the receipt revealed the card's expiration date."  There are approximately 7,643 class members. Under the Agreement, plaintiff's counsel would be appointed as class counsel.  (Agreement, ¶¶9-

11.)

   6.  Each member of the class will receive either (a) a $50 rebate form valid for 270 days after issuance (in the form of <u>Exhibit 1</u> to the Agreement) for the purchase of any GE appliance under the "GE Profile" or "GE Cafe" brand names, which may be combined with any other coupon, rebate, sale or similar promotional program; or (b) $10 in cash, by check void 180 days after issuance.  Every class member who does not request exclusion from the case will receive one of these two forms of relief.  (Agreement, ¶12.)

   7.  In addition, plaintiff would receive under the settlement $4,000.00 for services rendered to the class, and plaintiff's counsel would receive $71,000.00 for attorney's fees and costs – all subject to the Court's approval.  (Agreement, ¶¶15-16.)

   8.  The costs of notice and administration of the settlement would be borne by GE. (Agreement, ¶17.)

   9.  GE shall, within ten days of the filing of this motion, notify state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. §1715.  (Agreement, ¶19.)

   10.  The Notice (Agreement, <u>Exhibit 2</u>) shall be sent to class members' last known addresses, as they appear in GE's database.

*Class Certification*

   11.  The parties agree, for the purposes of settlement only, that class certification is appropriate in this matter, and that all Fed.R.Civ.P. 23(a) and 23(b)(3) requirements have been satisfied.  (See Agreement, ¶¶10, 29 (all parties' arguments and defenses, including those regarding class certification, are preserved if the agreement is not finally approved).)

   12.  This Court, however, must undertake an examination of the requirements of

Fed.R.Civ.P. 23(a) and 23(b)(3) before approving the settlement. *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145-146 (S.D.N.Y. 2008) (citing, *inter alia*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006)).

13. The parties therefore agree, solely for the purposes of settlement, that –

   a. the class is so numerous (approximately 7,643 settlement class members) that joinder of all of them would be impractical (Fed.R.Civ.P. 23(a)(1));

   b. the class members share common factual claims, and legal claims under FACTA, relating to credit card receipts they all received (Fed.R.Civ.P. 23(a)(2));

   c. these common claims predominate over any individual claims (Fed.R.Civ.P. 23(b)(3));

   d. the plaintiff's claim is typical of the claims shared by class members (Fed.R.Civ.P. 23(a)(3));

   e. the plaintiff, and her counsel, would fairly and adequately represent the interests of class members (Fed.R.Civ.P. 23(a)(4)); and

   f. resolving the claims of class members through a class action, and in particular through this settlement, would be superior to other resolution methods (Fed.R.Civ.P. 23(b)(3)).

*Conclusion*

14. The parties suggest that this Court set the following schedule for this case:

   a. GE shall comply with 28 U.S.C. §1715 within 10 days of the filing of this motion, with plaintiff's counsel being copied on all correspondence.

  b. GE shall send the Notice (Agreement, <u>Exhibit 2</u>) within 28 days of the date of this Court's order preliminarily approving the settlement.

  c. Class members shall have 63 days from the date of the mailing of the Notice (or, 91 days from the date of this Court's order) to exclude themselves, object, or enter an appearance.

  d. A hearing on the fairness of the settlement will be held on a date convenient to the Court at least 30 days after the deadline for exclusions, objections and appearances (or, at least 121 days from the date of this Court's order).

  e. At least 14 days before the fairness hearing, plaintiff shall submit a memorandum in support of final approval, describing the distribution of the Notice and the response to the settlement by class members.

15. Furthermore, plaintiff respectfully requests a finding that the Notice conforms to the requirements of Fed.R.Civ.P. 23(c)(2) and of due process, as it gives a full explanation of the case, the relief to class members, and class members' rights with respect to the settlement.

WHEREFORE, plaintiff, with the consent of defendant, respectfully requests that this Court preliminarily approve the Agreement and the Notice, and enter all other orders that it finds proper.

        Respectfully submitted,

        /s/ Thomas E. Soule
        Thomas E. Soule

Daniel A. Edelman
Thomas E. Soule
Edelman Combs Latturner & Goodwin LLC
120 South LaSalle Street, 18th Floor

Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
courtecl@edcombs.com

Abraham Kleinman
Kleinman LLC
626 RexCorp Plaza
Uniondale NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@kleinmanllc.com

**CERTIFICATE OF SERVICE**

      I, Thomas E. Soule, certify that the preceding document, and attachments to it, were filed with the Court on January 6, 2012, and served upon counsel for defendant by operation of the Court's electronic filing system, as follows:

Stephanie Sheridan (stephanie.sheridan@sdma.com)
Alison Williams (alison.williams@sdma.com)

                                      /s/ Thomas E. Soule
                                      Thomas E. Soule