UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MICHELE SHAKED,
individually and on behalf of a class,

        Plaintiff,

v.

GENERAL ELECTRIC COMPANY
and DOES 1-10,

        Defendants.

------------------------------------------------------------x

08-CV-10295 (CS) (GAY)

**ORDER GRANTING
FINAL APPROVAL TO
REVISED CLASS ACTION
SETTLEMENT AGREEMENT**

      Pursuant to Federal Rule of Civil Procedure 23(e), this Court held a hearing on the fairness and adequacy of the parties' class action settlement agreement on May 31, 2012. Prior to that hearing, this Court preliminarily approved the settlement agreement, and directed that notice be given to all class members by mail. (*See* Docs. 56, 58.) Such notice was given to the class. Notice was also provided to the offices of the Attorneys General of the United States and the State of New York, as required by 28 U.S.C. § 1715. Further, per the Court's instructions at the May 31, 2012 hearing, on account of a mis-identification of the Attorney General of the United States in the notice previously given, a second notice was sent to that same office on or before June 20, 2012. (*See* Doc. 60.) The Court is advised that neither the Attorney General of the United States, nor the Attorney General of the State of New York, will intervene in this matter.

      The Court has been advised that notice was mailed to 7,640 class members; 542 notices were returned as undeliverable to the post office. Further, 1,384 class members submitted a request for payment of $10.00 (by check) by the deadline for claim submissions; all other class members will receive a $50.00 rebate form for the purchase of a GE Profile or GE Café

appliance. Three persons (Kevin Keenan, Marie Venter, and Donald Whitmore) requested exclusion from this litigation. No person submitted an objection. No person appeared personally at the May 31, 2012 fairness hearing.

For the reasons stated in full during the May 31, 2012 fairness hearing, (a) class certification is appropriate, as all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, *see, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997), and (b) the settlement is both procedurally and substantively fair to class members, *see, e.g., D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). The Court also found that the award of $71,000 in attorneys' fees and costs to plaintiff's counsel was fair and reasonable, as was an award of $2,000 to Michele Shaked (not the $4,000 agreed upon by the parties).

Accordingly, IT IS HEREBY ORDERED:

1) The settlement agreement is FINALLY APPROVED as to all terms, except for the incentive award to plaintiff. That incentive award is reduced from the $4,000 requested by the parties to $2,000; this incentive award, as modified, is finally approved.

2) Counsel for plaintiff are awarded $71,000 in attorneys' fees and costs, as part of the settlement.

3) The parties are directed to perform under the terms they have agreed upon, in cooperation with each other.

4) Kevin Keenan, Marie Venter, and Donald Whitmore are excluded from the settlement; their claims are dismissed without prejudice.

5) The claims of plaintiff and class members who have not excluded themselves are dismissed, with prejudice and without costs. Further, each of them now releases claims that he or she has against General Electric Company relating to claims made in this lawsuit, regarding

the compliance of credit card receipts with the Fair and Accurate Credit Transactions Act.

6) Neither the parties' agreement nor this Order may be used or construed as an admission by any party as to any claim or defense that any party has.

7) This Order is final and appealable for all purposes; the Clerk of Court is therefore respectfully directed to terminate this action. However, without affecting the finality of the settlement or this Order, this Court shall retain continuing and exclusive jurisdiction over the parties for all matters relating to this settlement, including (a) its implementation; (b) distribution of relief from it; and (c) any other necessary actions concerning the administration, consummation, and enforcement of the settlement and orders relating to it, with such jurisdiction being proper given the Court's supervisory duties under Federal Rule of Civil Procedure 23.

**SO ORDERED.**

Dated: September 21, 2012
       White Plains, New York

                                                    CATHY SEIBEL, U.S.D.J.